**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CHRISTIE HARR, | ) | |
| | ) | CIVIL ACTION No. 21-1555 |
| *Plaintiff* | ) | |
| | ) | Honorable |
| v | ) | W. Scott Hardy |
| | ) | |
| JASON BUCZAK, | ) | |
| | ) | |
| *Defendant* | ) | |

**BRIEF IN SUPPORT OF MOTION TO DISMISS PLAINTIFF'S COMPLAINT FILED ON BEHALF OF DEFENDANT, MAGISTERIAL DISTRICT JUDGE JASON BUCZAK**

**I.     INTRODUCTION**

Plaintiff, Christie Harr,  filed a *pro se* action seeking money damages and mandamus relief against, Magisterial District Judge Jason Buczak, a judge of Westmoreland County Magisterial District Court 10-3-05.  The claims in Plaintiff's Complaint pertain exclusively to a search warrant issued by Judge Buczak to a humane society police officer to search premises belonging to Plaintiff.  The affidavit of probable cause which Plaintiff attaches to her complaint lists in great details the allegations of animal cruelty taking place at the locations sought to be searched.

Plaintiff asserts that Judge Buczak violated her constitutional rights by issuing the search warrant because it was issued in bad faith, without jurisdiction  and without the required approval from the district attorney.  Based on these allegations, Plaintiff seeks monetary damages and a declaration that her rights were violated.  Judge Buczak files a Motion to Dismiss Plaintiff's Complaint for the reasons set forth below.

1

II. **LEGAL ARGUMENT**

    A. **ELEVENTH AMENDMENT IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST JUDGE BUCZAK IN HIS OFFICIAL CAPACITY**

        1. **Judge Buczak, Sued in his Official Capacity, Is Entitled to Eleventh Amendment Immunity from Suit**

Judge Buczak is a judge of the Court of Common Pleas of Westmoreland County Magisterial District 10-3-05, which is an entity of the Unified Judicial System of Pennsylvania pursuant to 42 Pa. C.S. 301(9).  As such, under federal law, he is entitled to the protection from suit in federal Court afforded by the Eleventh Amendment to the United States, which provides immunity to all states and state entities and officials.  *Lombardo v. Pennsylvania*, 540 F.3d 190. 194-95 (3rd Cir. 2008).

It is well established federal law that a suit against a state official in his or her official capacity is deemed a suit against the state.  *Kentucky v. Graham*, 473 U.S. 159, 166 (1985). When a state official is sued in an official capacity, the United States Supreme Court has held that the real party in interest is the government entity of which the official is an agent.  *Hafer v. Melo*, 502 U.S. 21, 26 (1991).  Plaintiff's official capacity suit against Judge Buczak, therefore, is in actuality a suit against the Westmoreland County Magisterial District Court over which he presides, a state entity entitled to Eleventh Amendment immunity.  Because the magisterial district courts are part of the Commonwealth's unified judicial system, official actions by these entities are protected by Eleventh Amendment immunity.  See *Chilcott v. Erie County Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008); *Marinkovic v. Mayor Joseph Sinnot et al.*, 2014 U.S. Dist. LEXIS 39655 (W.D. Pa. 2014).

2

Pennsylvania judges in their official capacities are immune from suit under the Eleventh Amendment. See *Figueroa v. Blackburn*, 208 F.3d 435 (3rd Cir. 2000)(holding that all judges of general and limited jurisdiction are immune from suit). The Pennsylvania Constitution identifies all state courts as part of the Commonwealth of Pennsylvania. Pa. Const. Art. V §§ 1, 5, 6(c), 10(a). The term "Commonwealth government" includes "the courts and other officers or agencies of the unified judicial system" and the term "court" includes "any one or more of the judges of the court..." 42 Pa. C.S. 102. See also *Benn v. First Judicial District*, 426 F.3d 233, 239-40 (3rd Cir. 2005); *Callahan v. City of Philadelphia*, 207 F3d 668, 672 (3d Cir. 2000)

Immunity clearly extends to the Pennsylvania court system. In *Benn*, *supra*., citing *Pennhurst State School v. Haldeman*, 465 U.S. 89, 100 (1984) and *Hans v. Louisiana*, 134 U.S. 1 (1890), the Third Circuit Court of Appeals definitively ruled that Pennsylvania's Court entities constitute Commonwealth entities entitled to federal Eleventh Amendment immunity. Claims brought under 42 U.S.C. § 1983 are subject to the Eleventh Amendment. See *Chilcott v. Erie Co. Domestic Relations*, 283 Fed. Appx. 8, 10 (3d Cir. 2008).

1 Pa. C.S. §2310 provides that "the Commonwealth and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity." See also 42 Pa. C.S. § 8521. Pennsylvania has not waived its Eleventh Amendment immunity. *Laskaris v. Thornburgh*, 661 F.2d 23, 25 (3rd Cir. 1981). For this reason, state entities of the Commonwealth are not subject to the waiver exception to immunity, but rather are entitled to full protection under the Eleventh Amendment.

Pennsylvania has not waived its immunity. Statutory law provides that the Commonwealth and its officials are immune from suit. See 42 Pa. C.S. § 8521(b)("Nothing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States"). Eleventh Amendment immunity is fully applicable here and any and all claims against Judge Buczak must be dismissed.

> **2.    The Magisterial District Court over which Judge Buczak Presides Is not "a Person" Subject to Suit under 42 U.S.C. § 1983**

A claim brought under 42 U.S.C. §1983, the enabling statute for civil rights claims, must allege that a "person" committed a violation, and it is well settled that a state defendant sued in an official capacity is not "a person" under Section 1983 and cannot be held liable for damages. *Will v. Michigan Department of State Police*, 491 U.S. 58, 63 (1989). This is true because, as set forth above, when a state official is sued in an official capacity, the real party in interest is the government entity of which the official is an agent. *Hafer v. Melo*, 502 U.S. 21, 26 (1991).

Also as discussed above, the Magisterial District Court over which Judge Buczak presides is a part of the Unified Judicial System of Pennsylvania, and as such, is a state entity. State entities are not "persons" under Section 1983 and cannot be sued under that statute. See *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000), in which the Third Circuit Court of Appeals held that the Warrant Division and Eviction Unit of the Court of Common Pleas and the Municipal Court Eviction Unit of the First Judicial District are state government entities which did not constitute "persons" under 42 U.S.C. §1983.

4

Since the Magisterial District Court over which Judge Buczak presides is not "a person" under Section 1983, Plaintiff is precluded from maintaining her alleged constitutional claims against him in his official capacity.

**B.      JUDGE BUCZAK, IN HIS INDIVIDUAL CAPACITY, IS IMMUNE FROM SUIT PURSUANT TO THE DOCTRINE OF ABSOLUTE JUDICIAL IMMUNITY**

A judge is immune from liability for all acts taken in his or her judicial capacity. *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006). Judicial immunity is not only immunity from damages, but also immunity from suit. *Mireles v. Waco*, 502 U.S. 9, 11 (U.S. 1991).  A "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump,* 435 U.S. at 356.

Judicial immunity is not forfeited because a judge committed "grave procedural errors," or because a judge has conducted a proceeding in an "informal and ex parte" manner. *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 769 (3d Cir. 2005).  Immunity will not be lost merely because the judge's action is "unfair" or controversial.  *Id.*  A judge is immune even if the acts were committed during a conspiracy.  *Dennis v. Sparks*, 449 U.S. 24 (1980). The doctrine of judicial immunity applies to Section 1983 civil rights claims. *Id.; Corliss v. O'Brien*, 2005 U.S. Dist. LEXIS 42333 (M.D. Pa. 2005), aff'd 200 Fed. Appx. 80 (3rd Cir. 2006).

 Judges are immune from liability when the judge has jurisdiction over the subject matter; and s/he is performing a judicial act.  *Stump*, 435 U.S. at 356. Here, there's no question that Judge Buczak had jurisdiction over the subject matter. Plaintiff's claims against Judge Buczak stem solely from his issuance of a search warrant.  In this Commonwealth, the "courts of common pleas shall have unlimited original jurisdiction of all actions and

proceedings, including all actions and proceedings heretofore cognizable by law or usage in the courts of common pleas." 42 Pa. C.S. § 931(a).

The jurisdictional inquiry is not limited to jurisdiction over a single case, but to a court's jurisdictional parameters. *See generally Stump,* 435 U.S. at 357-59. And only a "clear absence of all jurisdiction" can dissolve immunity. *Guarrasi,* 25 A.3d at 405 n.11. Thus, even a judge in criminal court who convicts a defendant of a nonexistent crime acts with jurisdiction. *Stump*, 435 U.S. at 357 n.7. While that action may be in excess of jurisdiction, it is not without "all jurisdiction." *Id*. Clearly, Judge Buczal had jurisdiction to issue a search warrant for Plaintiff's premises.

In determining whether an act is judicial, a court must consider not only the act itself, but whether the act is a function that a judge normally performs. *Mireles v. Waco,* 502 U.S. 9, 13 (1991). Issuing a warrant is a quintessential judicial act, a function normally performed by judges and no matter how flawed that act may have been, it remains a judicial act. Issuing warrants is a function that parties to a lawsuit expect a magistrate judge to perform. *Mireles*, 502 U.S. at 12 ("A judge's direction to court officers to bring a person who is in the courthouse before him is a function normally performed by a judge."); *Mendoza v. Larotonda*, 270 Fed.Appx. 157, 159 (3d Cir. 2008) (holding that a judge was entitled to judicial immunity for issuing a bench warrant and notice of hearings to plaintiff because they were acts normally performed by a judge and parties expect a judge to perform these tasks).

Absolute judicial immunity extends to magisterial district judges such as Judge Buczak. *Blackwell v. Middletown Borough Police Department*, 2012 U.S. D.st. LEXIS 129838 (M.D. Pa. 2012). In *Griffin v. Wingard*, 2014 U.S. Dist. LEXIS 59356 (W.D. Pa. 2014), the

plaintiff alleged that a magisterial district judge had violated his constitutional rights by issuing an arrest warrant on insufficient facts and for a crime committed outside her district. The Court held that as a judicial defendant, she was entitled to judicial immunity, citing, *inter alia*, *Piskanin v. Hammer*, 2005 U.S. Dist. LEXIS 28135 (E.D. Pa. 2005) (applying judicial immunity to "district justice").  Here, there can be no dispute that the action taken by Judge Buczak was a judicial act, therefore, Judge Buczak easily meets the threshold for judicial immunity.

**III.**   **CONCLUSION**

For the foregoing reason, Magisterial District Judge Jason Buczak respectfully requests that this Honorable Court grant his Motion to Dismiss Plaintiff's Complaint with prejudice.

Respectfully submitted,

**s/Caroline Liebenguth**
CAROLINE LIEBENGUTH, ESQUIRE
Attorney I.D. No. PA 37572
Supreme Court of Pennsylvania
Administrative Office of PA Courts
Frick Building, Suite 416
Pittsburgh, PA  15219
Caroline.Liebengutht@pacourts.us
(412)565-5032

*Attorney for Defendant,*
*Magisterial District Judge Jason Buczak*