IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CHRISTIE HARR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Action No. 21-1555 |
| | ) |
| JASON BUCZAK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION**

**I. INTRODUCTION**

Plaintiff Christie Harr ("Harr"), who is proceeding *pro se*, brings this action pursuant to 42 U.S.C. § 1983 ("Section 1983") against Defendant Jason Buczak ("Buczak"), a magisterial district judge of Westmoreland County Magisterial District Court 10-3-05, in both his official and individual capacities. (Docket No. 5 at 2-3). In her Complaint, Harr alleges a violation of her constitutional rights in connection with a search warrant issued by Buczak for her premises in Monessen, Westmoreland County, Pennsylvania. (*Id.* at 4-5). Harr seeks an award of monetary relief as well as declaratory and injunctive relief. (*Id.* at 5). Presently before the Court is Buczak's second Motion to Dismiss Plaintiff's Complaint and brief in support (Docket Nos. 17, 18) and Harr's brief in opposition (Docket Nos. 9, 20).[1]  After careful consideration of the parties' arguments and for the following reasons, Buczak's motion will be granted, and the claims in Harr's Complaint will be dismissed.

---

[1] In response to Buczak's second motion to dismiss, Harr indicated that she wishes to incorporate her previously filed brief in opposition to Buczak's first motion to dismiss (Docket No. 9) as her opposition to Buczak's second motion to dismiss. (Docket No. 20).

1

## II. **BACKGROUND**

As the parties are well-acquainted with the factual background of this case, at this juncture the Court will present an abbreviated version of the facts, as alleged in the Complaint[2] and in the light most favorable to Harr, that are relevant to the motion presently before the Court. Harr avers that, on or about October 29, 2019, Buczak violated her constitutional rights by improperly issuing, to a humane society police officer, a search warrant for Harr's premises in Westmoreland County (the "2019 search warrant" or the "search warrant"). (Docket No. 5 at 4). More specifically, Harr alleges that Buczak issued the 2019 search warrant to an individual who was not a humane society police officer "having any certification in Westmoreland County" (who was instead "a former Washington County Humane Officer"), and that the Westmoreland County District Attorney had also not approved the search warrant. (*Id.*). Harr avers that the execution of the search warrant resulted in:

> Plaintiff being assaulted, her property ransacked, her property taken, tens of non-law enforcement agents and law enforcement agents entering her property, taking pictures, posting videos of the search, and seizing her personal pets and animals, lawfully possessed firearms, medical supplies, personal equipment, and other materials.

(*Id.* at 5).

Harr asserts that Buczak's issuance of the search warrant violated Pennsylvania statutory law which permits agents of animal rights organizations to apply for certification and become humane society police officers, but such individuals may only operate in counties where they are certified. (Docket No. 5 at 4 (citing 22 Pa. Cons. Stat. § 3708(a), which states, in part, "An individual appointed as a humane society police officer in accordance with this chapter shall have power and authority to exercise the powers conferred under 18 Pa. Cons. Stat. Ch. 55

---

[2]   Harr contends that this Court has subject matter over her claims, brought pursuant to 42 U.S.C. § 1983, because they involve a federal question. (Docket Nos. 1-2; 5 at 3-4). *See* 28 U.S.C. § 1331.

Subch. B (relating to cruelty to animals) in enforcement of animal cruelty laws only within the particular county whose court of common pleas issued the appointment." (footnote omitted))). Additionally, Harr contends that the issuance of the search warrant violated Pennsylvania statutory law providing that search warrant applications filed in connection with alleged cruelty to animals laws must have the approval of the district attorney in the county where the alleged offense occurred. (*See id.* (citing 22 Pa. Cons. Stat. § 3710)). Harr seeks damages (including punitive damages), costs, and attorney fees, as well as declaratory and injunctive relief. (*See id.* at 5).

On December 11, 2021, Buczak filed his first Motion to Dismiss Plaintiff's Complaint and brief in support (Docket Nos. 7, 8), and Harr filed her brief in opposition (Docket No. 9). On April 21, 2022, after receiving Harr's consent (Docket No. 11), the Court ordered that this case be stayed until the conclusion of related criminal proceedings against her, at which point this case was also administratively closed. (Docket No. 12). On November 22, 2022, Harr notified the Court that the Commonwealth had withdrawn "all claims relating to Westmoreland County," that she had entered a "*nolo* plea" (a no contest plea) to conduct allegedly occurring in Washington County only, and that such plea had been accepted. (Docket No. 13). On December 14, 2022, the stay in this case was lifted and the case was reopened, and the Court ordered Buczak to respond to Harr's Complaint. (Docket No. 15).

On January 18, 2023, Buczak filed his second Motion to Dismiss Plaintiff's Complaint and brief in support. (Docket Nos. 17, 18). Buczak contends that dismissal is warranted here because Harr's claim against him in his official capacity is barred by Eleventh Amendment immunity and because in his official capacity he is not a "person" subject to suit under 42 U.S.C. § 1983. (*See id.*). Buczak further argues that dismissal of Harr's claim against him in his

3

individual capacity is warranted because he is entitled to absolute judicial immunity for the actions alleged in the Complaint. (*See id.*). Harr filed her response opposing Buczak's motion (Docket Nos. 9, 20), and the matter is now ripe for decision.

### III.  STANDARD OF REVIEW

Although Buczak's moving papers do not cite the rules pursuant to which he seeks dismissal of the Complaint in this matter, upon review of his arguments, it appears that Buczak seeks dismissal of Harr's claims pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

#### A.  Rule 12(b)(1)

Pursuant to Rule 12(b)(1), a defendant may move to dismiss a complaint on account of the Court's "lack of subject-matter jurisdiction." Rule 12(b)(1) motions challenging jurisdiction are either facial or factual. *See Petruska v. Gannon Univ.*, 462 F.3d 294, 302 n.3 (3d Cir. 2006). "A facial attack . . . is an argument that considers a claim on its face and asserts that it is insufficient to invoke the subject matter jurisdiction of the court . . . ." *Constitution Party of Pa. v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). A facial attack asserts that a claim "is insufficient to invoke the subject matter jurisdiction of the court because, for example, it does not present a question of federal law, or because there is no indication of a diversity of citizenship among the parties, or because some other jurisdictional defect is present." *Id.* at 358. A facial attack "can occur before the moving party has filed an answer or otherwise contested the factual allegations of the complaint." *Id.* Conversely, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or 'otherwise present[ing] competing facts.'" *Davis v. Wells Fargo*, 824 F.3d 333, 346 (3d Cir. 2016) (quoting *Constitution Party of Pa.*, 757 F.3d at 358).

Here, to the extent Buczak seeks dismissal of Harr's claims pursuant to Rule 12(b)(1), he makes a facial challenge, arguing that Eleventh Amendment immunity bars such claims.[3] When analyzing a facial attack on subject-matter jurisdiction, "the court must only consider the allegations of the complaint and documents referenced therein and attached thereto, in the light most favorable to the plaintiff." *Gould Elecs. Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). "Thus, a facial attack calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6), *i.e.*, construing the alleged facts in favor of the nonmoving party." *Constitution Party of Pa.*, 757 F.3d at 358 (citing *In re Schering Plough Corp. Intron/Temodar Consumer Class Action*, 678 F.3d 235, 243 (3d Cir. 2012)).

B. **Rule 12(b)(6)**

In considering a Rule 12(b)(6) motion to dismiss, the factual allegations contained in the complaint must be accepted as true and must be construed in the light most favorable to the plaintiff, and the court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Pinker v. Roche Holdings Ltd.*, 292 F.3d 361, 374 n.7 (3d Cir. 2002)); *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563 n.8 (2007). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Phillips*, 515 F.3d at 231 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)). Moreover, while "this standard does not require 'detailed factual allegations,'" Rule 8 "demands more than an

---

[3] A Rule 12(b)(1) motion is the proper vehicle for asserting Eleventh Amendment immunity because it "is a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996).

unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* (quoting *Twombly*, 550 U.S. at 555); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

It should be further noted, therefore, that in order to survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570). The Supreme Court has noted that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The standard "'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). Moreover, the requirement that a court accept as true all factual allegations does not extend to legal conclusions; thus, a court is "'not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555 (internal citation and quotation marks omitted)).

To review a complaint under this standard, the Court proceeds in three steps. *See Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). First, the Court notes the elements of a claim. *See id.* (citing *Iqbal*, 556 U.S. at 675). Second, the Court eliminates conclusory allegations. *See id.* (citing *Iqbal*, 556 U.S. at 679). And finally, the Court assumes the remaining well-pleaded facts are true and assesses "whether they plausibly give rise to an entitlement to relief." *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Notably, the Eleventh Amendment does not bar claims against state officials for actions taken in their individual capacities. *See Jones v. Wetzel*, Civ. Action No. 17-5121, 2018 WL 1322045, at *3 (E.D. Pa. Mar. 14, 2018). Therefore, to the extent Harr's claims are asserted

against Buczak in his individual capacity, the Court has jurisdiction over claims for individual liability, subject to overcoming Buczak's motion brought pursuant to Rule 12(b)(6). *See id.*

### C. *Pro Se* Pleadings

Although courts must generally construe *pro se* pleadings liberally pursuant to Rule 8(a)(2), courts are not required to accept legal conclusions disguised as statements of fact, unsupported conclusions, or unwarranted inferences. *See Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). "[A] pro se complaint must still contain factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Wallace v. Fegan*, 455 F. App'x 137, 139 (3d Cir. 2011) (internal quotation marks and citation omitted). Thus, "pro se litigants still must allege sufficient facts in their complaints to support a claim," and "they cannot flout procedural rules – they must abide by the same rules that apply to all other litigants." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (internal citations omitted).

### IV. DISCUSSION

Harr brings her claims of constitutional violations pursuant to 42 U.S.C. § 1983, which does not create any substantive rights, but rather provides a remedy for deprivations of rights created by the Constitution of the United States or federal law. *See City of Oklahoma City v. Tuttle*, 471 U.S. 808, 816 (1985). Thus, "[t]o state a claim for relief in an action brought under § 1983, [a plaintiff] must establish that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49-50 (1999). In this case, Harr asserts that Buczak violated her rights, under the Fourth and Fourteenth Amendments to the Constitution, "to be free from unlawful and unconstitutional searches and seizures and to be free

from having her property taken without due process." (Docket No. 5 at 3-4). As noted, Harr seeks both monetary and equitable relief. (*Id.* at 5).

### A. Rule 12(b)(1): Harr's Official Capacity Claims Seeking Declaratory and Injunctive Relief; Eleventh Amendment Immunity; and "Persons" under Section 1983

Buczak argues, first, that this Court lacks subject matter jurisdiction over the claims that Harr brings against him in his official capacity because those claims are actually claims against the Westmoreland County Magisterial District Court over which he presides, which is a state entity that is entitled to sovereign immunity under the Eleventh Amendment. (Docket No. 18 at 2-4). *See Betts v. New Castle Youth Dev. Ctr.*, 621 F.3d 249, 254 (3d Cir. 2010); *Chilcott v. Erie Cnty. Domestic Rels.*, 283 F. App'x 8, 10 (3d Cir. 2008); *Marinkovic v. Mayor Joseph Sinnot*, No. 1:12cv139, 2014 WL 1255886, at *10 (W.D. Pa. Mar. 26, 2014); *see also Figuera v. Blackburn*, 208 F.3d 435, 440-43 (3d Cir. 2000) (holding that all judges of general and limited jurisdiction are immune from suit). Buczak also argues that Harr's official capacity claims should be dismissed because the magisterial district court over which he presides is not a "person" subject to suit under Section 1983. (Docket No. 18 at 4-5). *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 63 (1989).

The Eleventh Amendment bars suits against states in federal court. *See* U.S. CONST. amend. XI. Furthermore, "[s]uits against state officials in their official capacity . . . should be treated as suits against the State." *Hafer v. Melo*, 502 U.S. 21, 25 (1991). Therefore, a claim against an officeholder of the Commonwealth of Pennsylvania in his official capacity essentially is a claim against the Commonwealth itself, and such suits are barred by Eleventh Amendment immunity. *See Conklin v. Anthou*, 495 F. App'x 257, 263 (3d Cir. 2012). According to the Court of Appeals for the Third Circuit, the state courts that comprise Pennsylvania's unified

judicial system, including the courts of common pleas, are entitled to Eleventh Amendment immunity. *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240-41 (3d Cir. 2005). Magisterial district courts are also a part of Pennsylvania's unified judicial system and are likewise entitled to Eleventh Amendment immunity. *See Richardson v. Wilkinsburg Police Dep't*, Civ. Action No. 16-0129, 2016 WL 4141084, at *3 (W.D. Pa. Aug. 4, 2016) (citing 42 Pa. Cons. Stat. § 301(9) and *Callahan v. City of Philadelphia*, 207 F.3d 668, 672 (3d Cir. 2000)).

Eleventh Amendment immunity is subject to three exceptions: "(1) congressional abrogation, (2) waiver by the state, and (3) suits against individual state officers for prospective injunctive and declaratory relief to end an ongoing violation of federal law." *Pennsylvania Fed'n of Sportsmen's Clubs, Inc. v. Hess*, 297 F.3d 310, 323 (3d Cir. 2002). Pennsylvania has not waived its Eleventh Amendment immunity from suit in federal court,[4] and Congress has not abrogated this immunity in enacting 42 U.S.C. § 1983. *See Conklin*, 495 F. App'x at 263 (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 66 (1989); *Wheeling & Lake Erie Ry. Co. v. Public Util. Comm'n of Pa.*, 141 F.3d 88, 91 (3d Cir. 1998); 42 Pa. Cons. Stat. § 8521(b)). The first two exceptions, therefore, do not apply to this case.

In response to Buczak's assertion that he is entitled to Eleventh Amendment immunity, Harr argues that the third exception applies to this case. Harr notes that her Complaint provides that she is suing Buczak "in his individual capacity for damages and *official capacity for declaratory*." (Docket No. 9 at 2 (emphasis added by Harr in briefing)). Harr contends that such language "makes it clear that no damages are being sought against the 'official capacity' defendant." (*Id.*). Harr argues that, as set forth in her Complaint, she is seeking only prospective

---

[4] Moreover, Pennsylvania has specifically withheld consent to suit in federal court. *See* 42 Pa. Cons. Stat. § 8521(b) (providing that "[n]othing contained in this subchapter shall be construed to waive the immunity of the Commonwealth from suit in Federal courts guaranteed by the Eleventh Amendment to the Constitution of the United States.").

declaratory and injunctive relief from Buczak in his official capacity, which falls within this third exception to Eleventh Amendment immunity. (*Id.*).

This third exception cited by Harr, as articulated in *Ex Parte Young*, 209 U.S. 123 (1908), provides that while the Eleventh Amendment "bars suit for retrospective or compensatory relief, a plaintiff may sue the state in federal court where the relief sought is a prospective injunction or declaratory relief." *Capital Bonding Corp. v. New Jersey Supreme Ct.*, 127 F. Supp. 2d 582, 589 (D.N.J.). Importantly, however, this exception applies where the plaintiff alleges an *ongoing* violation of federal law. *See Verizon Maryland, Inc. v. Public Serv. Comm'n of Md.*, 535 U.S. 635, 645 (2002) (explaining that, "[i]n determining whether the doctrine of *Ex Parte Young* avoids an Eleventh Amendment bar to suit, a court need only conduct a straightforward inquiry into whether [the] complaint alleges an ongoing violation of federal law and seeks relief properly characterized as prospective.") (internal quotation marks and citation omitted)).

In her Complaint here, which is based solely upon Buczak's issuance of a search warrant in 2019, Harr does not allege an ongoing violation of federal law, yet she requests the following equitable relief: (1) a declaration that a magisterial district judge violates the United States Constitution by issuing search warrants that are specifically prohibited by Pennsylvania law; and (2) an injunction preventing Buczak from issuing additional search warrants against her unless they are applied for by an authorized law enforcement officer or humane police officer registered in the county of the search and are approved by the county district attorney. (Docket No. 5 at 5). Thus, while Harr may be nominally seeking prospective declaratory and injunctive relief in such requests, her Complaint is based entirely on Buczak's past issuance of a search warrant, and it does not allege any facts from which the Court might infer that any similar warrants have since been issued, or are anticipated, indicating *ongoing* violations of federal law. *See Suring v. South*

*River Bd. of Educ.*, No. 20-2804, 2022 WL 264464, at *3 (3d Cir. Jan. 27, 2022) (holding that the *Ex Parte Young* exception did not apply to that case because, even though the injunctive relief plaintiff sought was phrased in prospective terms, there were not facts alleged indicating that the purported violations of constitutional rights were ongoing); *Taylor v. City of Jersey City*, No. 22-457, 2023 WL 6997250, at *4 (D.N.J. Oct. 24, 2023) (dismissing claims as barred by the Eleventh Amendment where the plaintiff failed to allege specific facts from which the court might infer that the alleged civil rights violations were ongoing).

Moreover, to the extent Harr may be seeking a declaration regarding Buczak's past conduct in issuing the 2019 search warrant, "the Eleventh Amendment 'does not permit judgments against state officers declaring that they violated federal law in the past.'" *Brown v. Riazzi*, Civil No. 17-708, 2018 WL 2435185, at *4 n.7 (W.D. Pa. May 30, 2018) (quoting *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 146 (1993)). Additionally, the *Ex Parte Young* exception only applies where a plaintiff alleges ongoing violations of *federal law*, so to the extent Harr is attempting to have the Court enjoin Buczak from future violations of Pennsylvania law (notably, the wording of the injunctive relief sought here appears to mirror the language of state laws that Harr alleges were violated when the 2019 search warrant was issued), such claims would be barred by the Eleventh Amendment. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 121 (1984) (holding that "a claim that state officials violated state law in carrying out their official responsibilities is a claim against the State that is protected by the Eleventh Amendment," and "this principle applies as well to state-law claims brought into federal court under pendent jurisdiction").

The Court therefore finds that, contrary to Harr's contention that there is no Eleventh Amendment immunity here because only prospective declaratory and injunctive relief is sought,

11

the *Ex Parte Young* exception does not apply to Harr's official capacity claims here. As no exception to Eleventh Amendment immunity exists under the facts alleged in the Complaint, Harr's claims against Buczak in his official capacity are barred by the Eleventh Amendment. Thus, the Court finds that it lacks subject-matter jurisdiction over Harr's official capacity claims seeking declaratory and injunctive relief against Buczak.

Since Harr's claims are brought pursuant to Section 1983, "another issue that is parallel to, and customarily analyzed together with, Eleventh Amendment immunity" is "the issue of who or what is a suable 'person' under section 1983." *Mazzetti v. New Jersey Div. of Child Prot. & Permanency*, Civ. No. 14-8134, 2017 WL 1159726, at *9 (D.N.J. Mar. 27, 2017). A state and its departments are generally not considered "persons" amenable to suit under Section 1983, and state officials, sued in their official capacities, are also not "persons" subject to damages suits under that statute. *See id.* (citing *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 67-71 (1989)). However, a state official in his official capacity, when sued for injunctive relief, is "a person under § 1983 because 'official-capacity actions for prospective relief are not treated as actions against the State'" (since prospective injunctive relief merely compels compliance with a federal law in the future). *Will*, 491 U.S. at 71 n.10 (quoting *Kentucky v. Graham*, 473 U.S. 159, 167 n.14 (1985)).

In his motion to dismiss, Buczak argues that he, in his official capacity, is not a "person" amenable to a *damages* suit under Section 1983. (Docket No. 18 at 4-5). As Harr concedes in her brief that she is seeking damages from Buczak in his individual capacity, and equitable relief from him in his official capacity, Buczak's argument in this regard is moot. Notably, however, as Harr does seek an award of damages from Buczak in his individual capacity, a state official sued in his individual capacity is a "person" amenable to suit under Section 1983 and does not

enjoy Eleventh Amendment protection from a damages claim, *see* discussion, *infra*, Section IV.B (citing *Hafer v. Melo*, 502 U.S. 21, 30-31 (1991)).[5]

As none of the exceptions to Eleventh Amendment immunity apply to Harr's official capacity claims seeking equitable relief against Buczak, the Court will grant Buczak's motion to dismiss those claims pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. Although a dismissal for lack of subject-matter jurisdiction must be "without prejudice," *see Aldossari on Behalf of Aldossari v. Ripp*, 49 F.4th 236, 262 (3d Cir. 2022), which typically indicates that a plaintiff may amend her complaint, such dismissal "without prejudice" simply indicates that the claim was not decided on the merits.

Here, Harr has not asked for leave to amend her Complaint, but insofar as she might desire to amend her official capacity claims against Buczak, such amendment would be futile and therefore will not be permitted.[6] *See Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)) (listing futility among the reasons justifying refusal of leave to amend). Accordingly, Harr's Section 1983 claims against Buczak in his official capacity will be dismissed without prejudice.

---

[5] Additionally, the Federal Courts Improvement Act of 1996 amended 42 U.S.C. § 1983 to provide that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Pub. L. No. 104-317, § 309(c); 110 Stat. 3847, 3853 (1996); 42 U.S.C. § 1983; *see Reardon v. New Jersey*, Civ. No. 13-5363, 2014 WL 2921030, at *4 (D.N.J. June 27, 2014); *see also Azubuko v. Royal,* 443 F.3d 302, 303–04 (3d Cir. 2006). The Court notes that although Harr's Complaint does not address Buczak's actions other than in his judicial capacity, in seeking injunctive relief Harr has not alleged that a declaratory decree was violated or that declaratory relief is unavailable. *See Azubuko*, 443 F.3d at 304.

[6] "'Futility' means that the complaint, as amended, would fail to state a claim upon which relief could be granted." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (citing *In re Burlington Coat Factory Secs. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). In this case, Harr's claims that her constitutional rights were violated, including her official capacity claims seeking declaratory and injunctive relief, are based entirely on her allegations that Buczak improperly issued a search warrant for her premises in 2019. As discussed, *supra*, however, the Eleventh Amendment bars Harr's official capacity claims here since, through the facts averred in her Complaint, she does not allege an ongoing violation of federal law. Moreover, given the basic premise of Harr's case and the applicability of Eleventh Amendment immunity here, the Court finds that no set of facts, even if viewed in the light most favorable to Harr, could validate her claim or her requested relief.

13

### B.     Rule 12(b)(6):   Harr's Individual Capacity Claims for Damages, and Absolute Judicial Immunity

To the extent Harr alleges Section 1983 claims against Buczak in his individual capacity, Buczak argues that he has absolute judicial immunity from suit. (Docket No. 18 at 5-7). Having survived the threshold jurisdictional analysis, such argument should be considered as a motion to dismiss pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. *See Wilson v. Rackmill*, 878 F.2d 772, 776 (3d Cir. 1989) ("In order for the defendants to succeed on a Rule 12(b)(6) dismissal based on absolute immunity, the allegations of appellant's complaint must indicate the existence of absolute immunity as an affirmative defense; the defense must clearly appear on the face of the complaint." (citing 5 Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1357 at 605–06 (1984)); *see, e.g., Mazzetti v. New Jersey Div. of Child Protection & Permanency*, Civ. No. 14-8134, 2017 WL 1159726, at *11 (D.N.J. Mar. 27, 2017) (considering the issue of absolute judicial immunity in the context of a Rule 12(b)(6) motion). Again, in this context, it should be noted that Harr is seeking monetary damages (and not equitable relief) for her claims against Buczak in his individual capacity, and a state official sued in his individual capacity is a "person" amenable to suit under Section 1983 and does not enjoy Eleventh Amendment protection. *See Hafer v. Melo*, 502 U.S. 21, 30-31 (1991).

However, as Buczak argues, judges have absolute immunity from suit for actions taken in their judicial capacity in cases over which they have jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11-12 (1991). Moreover, a "'judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority.'" *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (quoting *Stump v. Sparkman*, 435 U.S. 349, 356 (1978)). Thus, "only when an action, while judicial in nature, was pursued in 'complete absence of all

jurisdiction'" will a judge not be entitled to absolute immunity. *Richardson v. Wilkinsburg Police Dep't*, Civ. Action No. 16-0129, 2016 WL 4141084, at *4 (W.D. Pa. Aug. 4, 2016) (quoting *Mireles*, 502 U.S. at 12). "This is an especially stringent standard, as it is generally held that, in light of the broad judicial immunity afforded to judges, 'where a court has some subject matter jurisdiction, there is sufficient jurisdiction for immunity purposes.'" *Id.* (quoting *Figueroa v. Blackburn*, 208 F.3d 435, 443-44 (3d Cir. 2000)). Additionally, "'[f]or purposes of judicial immunity, there should not be a distinction between judges of courts of limited and general jurisdiction.'" *Id.* (quoting *Figueroa*, 208 F.3d at 441).

Pennsylvania's magisterial district judges, including Buczak, are vested with jurisdiction over summary offenses (except those arising out of delinquent acts involving a juvenile), and "to preside at arraignments, fix and accept bail, except for offenses . . . []relating to murder[] and . . . []voluntary manslaughter[] . . . and to issue warrants and perform duties of a similar nature, including the jurisdiction of a committing magistrate in all criminal proceedings." 42 Pa. Con. Stat. Ann. §§ 1515(a)(1) & (4). Here, Harr alleges that Buczak issued a search warrant for premises she owned in Westmoreland County, and such act clearly falls within the jurisdiction of magisterial district judges as defined by Pennsylvania law. *See* 42 Pa. Cons. Stat. Ann. § 1515; *Spell v. Commonwealth of Pa. Mag. Dist. #05-2-11*, Civ. Action. No. 09-091, 2009 WL 1408007, at *2 (W.D. Pa. May 19, 2009) ("Under Pennsylvania law, magisterial district judges are given jurisdiction over summary offenses and preliminary matters in other criminal proceedings."). Even if Buczak's issuance of the search warrant was done maliciously, negligently, or contrary to law, the doctrine of absolute judicial immunity would still bar Harr's lawsuit against him. *See Richardson*, 2016 WL 4141084, at *5 (citing cases, including *Spell*, 2009 WL 1408007; *Hudson v. McKeesport Police Chief*, 244 F. App'x 519, 522 (3d Cir. 2007)

15

(holding that as to the plaintiff's claims against a magistrate related to the performance of the magistrate's judicial duties, such claims were barred by judicial immunity); and *Martin v. Bicking*, 30 F. Supp. 2d 511, 513 (E.D. Pa. 1998) (dismissing a civil rights action against a magistrate as barred by judicial immunity where the plaintiff alleged that the magistrate was aware that the charges against the plaintiff were procedurally deficient)).

Accordingly, the Court finds that Buczak was acting within his jurisdiction when he issued the search warrant for Harr's premises, and Buczak is therefore protected by absolute judicial immunity against the claims brought against him in his individual capacity for monetary relief. Thus, to the extent Harr's Section 1983 claims are brought against Buczak in his individual capacity, such claims will be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted.

Harr has not asked for leave to amend her Complaint, but courts ordinarily must allow civil rights plaintiffs to amend their complaints before dismissing them with prejudice pursuant to Rule 12(b)(6), irrespective of whether it is requested, unless doing so would be "inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). As discussed, *supra*, Harr's claims of constitutional violations are based entirely on her allegations that Buczak improperly issued a search warrant for her premises. Thus, Harr's allegations here all concern Buczak's judicial acts. In view of the basic factual premise of the Complaint and the applicability of the absolute judicial immunity doctrine here, the Court finds that Plaintiff cannot allege any set of facts, even if viewed in the light most favorable to her, that could provide her with a valid claim against Buczak in his individual capacity. *See, e.g., Reardon v. New Jersey*, Civ. No. 13-5363, 2014 WL 2921030, at *6 (D.N.J. June 27, 2014) (holding that since the plaintiff's allegations concerned granting a search warrant and other

judicial acts, they are entitled to immunity and allowing amendment of the allegations would be futile); *Shearin v. Delaware*, No. Civ.A. 02-276, 2003 WL 1697540, at *7 (D. Del. Mar. 21, 2003) (holding that allowing the plaintiff to amend her complaint would be futile because judges and judicial officers are entitled to absolute immunity from suit for damages under Section 1983)). Therefore, the Court finds that amendment would be futile as to Harr's Section 1983 claims against Buczak in his individual capacity, and those claims will be dismissed with prejudice.

### C. Ancillary State Law Claims

In the sections of the Complaint entitled "Basis for Jurisdiction" and "Statement of Claim," Harr states that she is alleging ancillary state law claims against Buczak for conversion, invasion of privacy, and assault. (Docket No. 5 at 3-4). Even if Harr's Complaint contained sufficient allegations to state claims for such torts under Pennsylvania law – which the Court does not find – the Court could only consider these claims under its supplemental jurisdiction, pursuant to 28 U.S.C. § 1367. However, 28 U.S.C. § 1367(c) provides that district courts "may decline to exercise supplemental jurisdiction over a claim . . . if . . . (3) the district court has dismissed all claims over which it has original jurisdiction." Additionally, "where the claim over which the district court has original jurisdiction is dismissed before trial, the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Mifflin v. Lancaster*, 45 F.3d 780, 788 (3d Cir. 1995).

The Court concludes that there is nothing unique about this case such that considerations of judicial economy, convenience, and fairness provide an affirmative justification for exercising supplemental jurisdiction over Harr's state law claims. Accordingly, in this instance, the Court

will decline to exercise supplemental jurisdiction over Harr's state law claims and will dismiss them without prejudice to her ability to bring them in state court.[7]

## V. CONCLUSION

For the reasons stated, Buczak's Motion to Dismiss Plaintiff's Complaint is granted, and Harr's Section 1983 claims alleging a violation of her constitutional rights are dismissed. To the extent Harr alleges claims against Buczak in his official capacity, such claims are barred by Eleventh Amendment immunity and are dismissed without prejudice pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction. To the extent Harr alleges claims against Buczak in his individual capacity, such claims are barred by the doctrine of absolute judicial immunity and are dismissed with prejudice pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. The Court also finds that amendment of Harr's Section 1983 claims would be futile. Furthermore, the Court declines to exercise supplemental jurisdiction over Harr's state law claims, and those claims are dismissed without prejudice to her ability to bring them in state court.

An appropriate Order follows.

Dated: September 5, 2024        *s/ W. Scott Hardy*
                                W. Scott Hardy
                                United States District Judge

cc/ecf: Christie Harr (via U.S. Mail)
        All counsel of record

---

[7] The Court notes that Harr's state law claims may nevertheless be barred by sovereign immunity or other immunity doctrines available to Buczak. *See Brown v. Riazzi*, Civ. No. 17-708, 2018 WL 2435185, at *8 n.13 (W.D. Pa. May 30, 2018) (quoting 1 Pa. Cons. Stat. § 2310, which provides that "[t]he Commonwealth, and its officials and employees acting within the scope of their duties, shall continue to enjoy sovereign immunity and official immunity and remain immune from suit except as the General Assembly shall specifically waive the immunity"); *Feingold v. Hill*, 521 A.2d 33, 36 (Pa. Super. Ct. 1987) (stating that "the law in Pennsylvania is well established that judges are absolutely immune from liability for damages when performing judicial acts, even if their actions are in error or performed with malice, provided there is not a clear absence of all jurisdiction over the subject matter and person").